IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RACHEL MARIE ROBINETTE,
    Plaintiff,

v.                                     Civil Action No. 1:15-cv-25

JUSTIN M. JUDY;
TYLER F. HOLDER;
MORGANTOWN POLICE DEPARTMENT,
    Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to Defendants' motion to dismiss and memorandum in support, filed on March 24, 2015. (Docket Nos. 13 and 14.) Despite receiving notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff has not filed a response. This matter was referred to the undersigned by United States District Judge Irene M. Keeley on March 25, 2015. (Docket No. 16.)

### I.   Contentions of the Parties

*A.   Plaintiff's Complaint*

Plaintiff alleges that on February 13, 2013, Defendants Judy and Holder knocked on the door of her business in response to a "domestic dispute call." (Docket No. 1 at 2-3.) David Clark, her guest, began talking; she told Defendant Judy that the voice belonged "to her friend, Dave." (Id. at 3.) Defendant Judy pushed the door open "with such force that he broke the glass out of the door's window." (Id.) Defendant Holder then "ran into the building" and placed Mr. Clark under arrest. (Id.) Defendant Judy placed Plaintiff under arrest, claiming that she had kicked him. (Id.)

Defendant Judy then forced her up the eight (8) steps to ground level by putting his arms underneath hers, locking his hands behind her neck, and pushing her chin down. (Id. at 4.) Defendant Judy lifted her until her feet did not touch the ground, "inflicting a great amount of strain"

on her neck. (Id.) Defendant Holder pulled her hair. (Id.) As they walked across the parking lot, Defendant Judy "repeatedly jerked [her] around as if to deliberately throw her off balance and continued to squeeze [her] neck and push her head down." (Id. at 5.) Defendant Judy placed her in the back of a police cruiser but then "pulled [her] out of the car forced her behind it and pushed her to the ground flat on her rear end with her feet in front of her." (Id.) Plaintiff claims that he did this with such force that "her glasses were flung off her head and slid across the parking lot." (Id.) Defendant Judy then forced Plaintiff's head "down to her knees by the back of her neck, squeezing her neck," before placing her in the cruiser. (Id.)

According to Plaintiff, Defendant Judy refused to give her glasses back until she had been taken to the station. (Id. at 5-6.) She claims that she could not lower her head or turn it to the left for at least three (3) weeks, and that she still "experiences stiffness and muscle spasms in her neck almost two years after the attack." (Id. at 6.) Plaintiff also asserts that she suffered a pinched nerve in her right wrist "causing her to experience numbness, pain and swelling and she could not use scissors or apply any pressure to her right thumb for at least a month." (Id.)

From these alleged events, Plaintiff raises the following claims:

1. Excessive force/police brutality/deprivation of civil rights under 42 U.S.C. § 1983 against Defendants Judy and Holder;

2. Excessive force/police brutality/deprivation of civil rights under 42 U.S.C. § 1983 against the Morgantown Police Department;

3. Assault and battery;

4. Intentional/negligent infliction of emotional distress; and

5. Chapter 29, Article 12A, West Virginia Code "Governmental Tort Claims and Insurance Reform Act."

(Id. at 7-9.)

B.  *Defendants' Motion to Dismiss*

Defendants raise the following arguments in support of their motion to dismiss:

1. Plaintiff's claims asserted in Count Five fail to state a claim and should therefore be dismissed as to all Defendants;

2. Plaintiff's claims under Counts Three and Four should be dismissed pursuant to W. Va. Code § 29-12A-6(d);

3. Plaintiff's claims in Counts Three and Four should be dismissed against the Morgantown Police Department; and

4. Defendants are immune from punitive damages.

(Docket No. 14 at 2-6.)

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1999)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley,

355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," (Id). (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable," id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

### III. Analysis

*A.   Plaintiff's Claims Pursuant to 42 U.S.C. § 1983*

42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was

violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Claims brought under § 1983 have two elements. First, a plaintiff must show that he or she was deprived of a right "secured by the Constitution and the laws" of the United States. Lugar v. Edmonson Oil Co., 457 U.S. 922, 930 (1982) (internal citations omitted). Then, the plaintiff must demonstrate that the individual who deprived him or her of such rights acted under color of state law. Id.; see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). While § 1983 creates no rights in and of itself, the statute provides a "method for vindicating federal rights elsewhere conferred." Kendall v. City of Chesapeake, Va., 174 F.3d 437, 440 (4th Cir. 1999).

1. **Count One–Excessive Force Against Defendants Judy and Holder**

Defendants do not move for the dismissal of Plaintiff's claim that Defendants Judy and Holder violated her rights under the Fourth and Fourteenth Amendments by using excessive force during her arrest. Accordingly, this claim should be permitted to proceed.

2. **Count Two–Excessive Force against the Morgantown Police Department**

In her second claim, Plaintiff asserts that the Morgantown Police Department violated her rights under the Fourth and Fourteenth Amendments because it "committed or allowed to be committed an unreasonable seizure, using excessive force." (Docket No. 1 at 7.) According to Plaintiff, the Department "maintains a system which fails to properly train and supervise its employees when to use force and how to appropriately use force." (Id.) She also claims that the Department "fails to maintain a system in which law enforcement officers are required to receive sufficient, if any, up front and ongoing use of force and restraint training and testing." (Id. at 8.)

Although Defendants have not moved for Plaintiff's second claim to be dismissed, the

undersigned still finds that this claim nevertheless fails. A municipality may be subject to liability under § 1983 for deprivation of a constitutional or civil right by one of its departments, such as a police department, but the municipality itself must cause the deprivation through its policies or customs. See Monell v. Dep't of Soc. Servs. 436 U.S. 658, 690. A police department "is merely the vehicle through which the [municipality] government fulfills its policing functions." Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984); see also Moore v. City of Asheville, N.C., 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003). Accordingly, the Morgantown Police Department is not an entity subject to suit under § 1983, and Plaintiff's second claim should be dismissed.

### B. *Plaintiff's State Law Claims*

#### 1. Counts Three and Four–Assault and Battery; Intentional/Negligent Infliction of Emotional Distress

As her third claim for relief, Plaintiff asserts that Defendants "intentionally attempted to cause, and caused, unlawful harmful and offensive contact to the Plaintiff." (Docket No. 1 at 8.) She states that the "injurious use of unwarranted, unnecessary and excessive force was undertaken deliberately with actual or implied malice." (Id.) As her fourth claim for relief, Plaintiff alleges that Defendants' actions "were unprovoked, unnecessary, intentional, harmful, and extreme in light of the circumstances." (Id. at 9.) She argues that their actions "proximately caused physical and property damage and severe emotional distress and humiliation." (Id.) For each claim, Plaintiff requests $100,000.00 in compensatory and punitive damages. (Id. at 8-9.)

Defendants first argue that Plaintiff's claims should be dismissed because they violate W. Va. Code § 29-12A-6(d), which states:

> In the complaint filed in a civil action against a political subdivision or an employee
> of a political subdivision to recover damages for injury, death, or loss to persons or
> property allegedly caused by an act or omission of such political subdivision or

> employee, whether filed in an original action, cross-claim, counterclaim, third-party claim, or claim for subrogation, the complainant shall include a demand for a judgment for the damages that the judge in a nonjury trial or the jury in a jury trial finds that the complainant is entitled to be awarded, but shall not specify in the demand any monetary amount for damages sought.

It is clear from Plaintiff's Complaint that her request for $100,000.00 in these claims violates this provision. Nevertheless, this Court has previously determined that "such an improvident inclusion of a monetary figure in the *ad damnum* clause should not be grounds for dismissal." Buhro v. Dent, No. 5:13-CV-81, 2014 WL 460937, at *8 (N.D. W. Va. Feb. 5, 2014). Rather, the "more proper remedy is to strike the specific figure from the Complaint." Id. Given this, the undersigned recommends that the dollar figures be stricken from Counts Three and Four of Plaintiff's Complaint.

Defendants also claim that Plaintiff's third and fourth claims should be dismissed as to the Morgantown Police Department pursuant to the Governmental Tort Claims and Insurance Reform Act ("the Act"), W. Va. Code §§ 29-12A-1 *et seq*. Under W. Va. Code § 29-12A-3(c), a "political subdivision" is

> any county commission, municipality and county board of education; any separate corporation or instrumentality established by one or more counties or municipalities, as permitted by law; any instrumentality supported in most part by municipalities; any public body charged by law with the performance of a government function and whose jurisdiction is coextensive with one or more counties, cities or towns; a combined cit-county health department created pursuant to article two, chapter sixteen of this code; public service districts; and other instrumentalities including, but not limited to, volunteer fire departments and emergency service organizations as recognized by an appropriate public body and authorized by law to perform a government function: Provided, that hospitals of a political subdivision and their employees are expressly excluded from the provisions of this article.

Given this, it is clear that the City of Morgantown is a political subdivision, and the Morgantown Police Department and its employees are instrumentalities of the City. See generally Randall v. Fairmont City Police Dept., 186 W. Va. 336, 412 S.E.2d 737 (1991) (applying the Act to the

plaintiff's suit against the Fairmont Police Department and employees thereof).

W. Va. Code § 29-12A-4(c)(4) provides that "[p]olitical subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment." The Supreme Court of Appeals of West Virginia has made it clear that a political subdivision and its instrumentalities cannot be held liable for "intentional act[s]." Mallamo v. Town of Rivesville, 197 W. Va. 616, 624-25, 477 S.E.2d 525, 533-34 (1996) (noting that because "conspiracy is an intentional act, not a negligent one, the Town of Rivesville would not be liable for any intentional malfeasance on the part of Wilson").

As noted above, Plaintiff's third claim alleges assault and battery against Defendants. Specifically, she alleges that the Defendants "intentionally attempted to cause, and caused, unlawful harmful and offensive contact." (Docket No. 1 at 8.) Assault and battery are intentional acts and, as such, the Morgantown Police Department would therefore be immune from liability for any intentional malfeasance on the part of Defendants Judy and Holder. Accordingly, the undersigned recommends that Plaintiff's third claim be dismissed as to the Morgantown Police Department.

In her fourth claim for relief, Plaintiff alleges intentional/negligent infliction of emotional distress. Specifically, she claims that Defendants' actions "were unproved, unnecessary, intentional, harmful, and extreme in light of the circumstances," and that they "proximately caused physical and property damage and severe emotional distress and humiliation." (Id. at 9.) Defendants claim that a "cursory reading of the Plaintiff's allegations are clear she is not alleging any 'negligent' acts on the part of the Police Department." (Docket No. 14 at 4.) However, because Plaintiff is appearing *pro se*, the Court is obligated to liberally construe her Complaint. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that *pro se* complaints are held to "less stringent standards than formal

pleadings drafted by lawyers"). From the face of Plaintiff's Complaint, it is apparent that she is alleging claims of both intentional and negligent infliction of emotional distress. While the Morgantown Police Department would be immune from liability for any intentional infliction of emotional distress caused by Defendants Judy and Holder, see W. Va. Code § 29-12A-4(c)(4); Mallamo, 197 W. Va. at 624-25, 477 S.E.2d at 533-34, the same is not automatically true as to her claim of negligent infliction of emotional distress. Accordingly, the undersigned recommends that Plaintiff's claim of intentional infliction of emotional distress be dismissed as to the Morgantown Police Department, but that her claim of negligent infliction of emotional distress be permitted to go forward as to all Defendants at this time.

### 2. Count Five–Governmental Tort Claims and Insurance Reform Act

As her fifth and last claim, Plaintiff argues that Defendants "with actual or implied malice, and/or in bad faith, deprived [her] of her rights to due process and to be free from unreasonable seizures and the excessive and unwarranted use of force." (Docket No. 1 at 9.) She cites Chapter 29, Article 12A of the West Virginia Code as providing her relief. (Id.)

Defendants argue that Count Five should be dismissed because it "does not state a cause of action for which liability can attach to the Defendants." (Docket No. 14 at 3.) The purposes of the Act, W. Va. Code §§ 29-12A-1 *et seq.*, "are to limit liability of political subdivisions and provide immunity to political subdivisions in certain instances and to regulate the costs and coverage of insurance available to political subdivisions for such liability." The Act does not create a cause of action for imposing liability upon a political subdivision or its employees. See Randall, 186 W. Va. at 341-42, 412 S.E.2d at 742-43 (providing an overview of the basic structure of the Act). Accordingly, the undersigned finds that Plaintiff's fifth claim fails to state a claim upon which relief

can be granted, and recommends that Defendants' motion to dismiss be granted as to that claim.

## C. Plaintiff's Requests for Punitive Damages

### 1. Claims Under § 1983

The undersigned has already recommended dismissal of Plaintiff's second claim for relief on the basis that the Morgantown Police Department is not an entity to suit under § 1983. Therefore, the question is whether, as to Plaintiff's first claim, Defendants Judy and Holder are immune from punitive damages. While the Supreme Court has specifically held that "municipalit[ies are] immune from punitive damages under 42 U.S.C. § 1983," City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981), individual defendants can still be held liable for punitive damages, as "punitive damages might be awarded in appropriate circumstances in order to punish violations of constitutional rights," id. at 268. Accordingly, Defendants' argument that they are immune from punitive damages as to Plaintiff's first claim is without merit.

### 2. State Law Claims

Plaintiff also seeks punitive damages in her third and fourth claims, which allege assault and battery and intentional/negligent infliction of emotional distress. Defendants argue that W. Va. Code § 29-12A-7(a) provides immunity for such damages. That section states: "In any civil action involving a political subdivision or any of its employees as a party defendant, an award of punitive or exemplary damages against such political subdivision is prohibited."

It is clear that the Morgantown Police Department is immune from punitive damages as to Plaintiff's third and fourth claims. However, whether Defendants Judy and Holder are immune from punitive damages turns on whether they were sued in their individual or official capacity. See Huggins v. City of Westover Sanitary Sewer Bd., 227 W. Va. 573, 578-79, 712 S.E.2d 482, 487-88

(2011); see also Arbaugh v. Bd. of Educ., Cnty. of Pendleton, 329 F. Supp. 2d 762, 771 (N.D. W. Va. 2004). Upon review of Plaintiff's Complaint, the undersigned has not found any language suggesting that Defendants Judy and Holder were sued in their individual capacity. Indeed, Plaintiff specifically states that at all relevant times, they were officers "working for the Morgantown Police Department acting within the course of [their] employment with the City of Morgantown, West Virginia." (Docket No. 1 at 2.) Accordingly, because Plaintiff failed to assert a cause of action against Defendants Judy and Holder in their individual capacity, the undersigned finds that Plaintiff cannot recover punitive damages from them as well.

Given this, it is clear that Defendants are immune from punitive damages as to Plaintiff's third and fourth claims. However, the undersigned believes that the proper remedy is dismissal of the punitive claims asserted by Plaintiff. Accordingly, the undersigned recommends that Defendants' motion to dismiss on this ground be denied as to Plaintiff's claims under § 1983, and granted as to the punitive relief requested by Plaintiff in her third and fourth claims.

## IV. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** the following:

- Defendants' motion to dismiss (Docket No. 13) be **GRANTED** as to Plaintiff's second claim for relief (excessive force as to the Morgantown Police Department); Plaintiff's third claim for relief (assault and battery) as to the Morgantown Police Department; Plaintiff's fourth claim for relief to the extent it alleges intentional infliction of emotional distress against the Morgantown Police Department; Plaintiff's fifth claim for relief (Governmental Tort Claims and Insurance Reform Act); and Plaintiff's requests, in her third and fourth claims for relief, for punitive damages against all Defendants;

- Defendants' motion to dismiss (Docket No. 13) be **DENIED** as to Plaintiff's first claim for relief (excessive force as to Defendants Judy and Holder); Plaintiff's third claim for relief to the extent it alleges assault and battery against Defendants Judy and Holder; Plaintiff's fourth claim for relief to the extent it alleges negligent and intentional infliction of emotional distress against Defendants Judy and Holder; and Plaintiff's fourth claim for relief to the extent it alleges negligent infliction of emotional distress against the Morgantown Police

Department; and

- the monetary amounts mentioned in Plaintiff's third and fourth claims for relief be **STRICKEN**, as they violate W. Va. Code § 29-12A-6(d).

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record herein and to mail a copy to the *pro se* Plaintiff at her last known address by certified mail, return receipt requested.

DATED: April 28, 2015

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE