IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RACHEL ROBINETTE,**

   **Plaintiff,**

**v.**         **//  CIVIL ACTION NO. 1:15CV25**
              **(Judge Keeley)**

**JUSTIN JUDY, TYLER HOLDER,**
**and the MORGANTOWN POLICE**
**DEPARTMENT,**

   **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 20]

On February 13, 2015, the pro se plaintiff, Rachel Robinette ("Robinette"), filed a complaint pursuant to 42 U.S.C. § 1983 alleging two claims of excessive force, police brutality, and deprivation of civil rights, as well as state law claims alleging assault and battery, intentional and negligent infliction of emotional distress, and violations of the Governmental Tort Claims and Insurance Reform Act, W. Va. Code § 29-12A-1, et seq. (Dkt. No. 1). On March 24, 2015, defendants Tyler F. Holder ("Holder"), Justin M. Judy ("Judy"), and the Morgantown Police Department ("MPD") filed a partial motion to dismiss (Dkt. No. 13).

The Court referred the matter to the Honorable John S. Kaull, United States Magistrate Judge, for report and recommendation ("R&R") (Dkt. No. 16). On April 28, 2015, Magistrate Judge Kaull issued an R&R recommending that the Court grant the defendants' motion to dismiss the following claims: Count II; Count III as to the MPD; Count IV, to the extent it alleges intentional infliction of emotional distress on the part of the MPD; Count V; and, the

punitive damages claims in Counts III and IV (Dkt. No. 20 at 11). Magistrate Judge Kaull also recommended that the Court deny the defendants' motion to dismiss the following claims: Count I; Count III as to Judy and Holder; Count IV as to Judy and Holder; and, Count IV to the extent it alleges negligent infliction of emotional distress on the part of the MPD. Id. at 11-12. He also recommended that the Court strike the specific monetary damages amounts in Counts III and IV. Id. at 12.

The R&R specifically warned the parties that their failure to object to the recommendation would result in the waiver of any appellate rights they might otherwise have on this issue. Id. at 12. The parties did not file any objections.[1] Consequently, finding no clear error, the Court **ADOPTS** the R&R in its entirety (Dkt. No. 20), **GRANTS IN PART** and **DENIES IN PART** the defendants' motion to dismiss (Dkt. No. 13), and **DISMISSES** the following claims:

- Count II;
- Count III as to the MPD;
- Count IV, to the extent it alleges intentional infliction of emotional distress on the part of the MPD;

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

- Count V; and,

- Any punitive damages claims in Counts III and IV.

The Court **STRIKES** any reference to damages amounts in Counts III and IV.

The following claims remain in the case:

- Count I;

- Count III as to Judy and Holder;

- Count IV as to Judy and Holder; and,

- Count IV to the extent it alleges negligent infliction of emotional distress on the part of the MPD.

The Court **SCHEDULES** a scheduling conference on **Thursday, January 21, 2016, at 9:30 A.M.** It will enter a First Order scheduling the date for initial disclosures and the Rule 26(f) report.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: November 17, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE